UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARION GREER,

          Plaintiff,          Case No. 24-10504

v.          Honorable Nancy G. Edmunds

TRINITY HEALTH CORPORATION,

          Defendant.

_____/

**ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM WITHOUT PREJUDICE**

Plaintiff Marion Greer brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA") and a class action under the Michigan Workplace Opportunity Wage Act, alleging that Defendant failed to pay its employees regular and overtime wages for the "time spent booting up and logging into their computers and access[ing] the VPN before they were permitted to clock-in for the day." (ECF No. 1.) The Court has original jurisdiction over the FLSA claim but only supplemental jurisdiction over the Michigan minimum wage law claim.

Courts may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has recognized the likelihood of jury confusion as an appropriate factor to be considered under § 1367(c). *See Moor v. Cty. of Alameda*, 411 U.S. 693, 716 (1973). When deciding whether to exercise supplemental jurisdiction

1

over a plaintiff's state law claims, courts consider and weigh "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and citation omitted). Courts have "broad discretion" in making this determination. *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).

"[C]lass actions under Rule 23 'are fundamentally different from collective actions under the FLSA.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). Significantly, a potential plaintiff must opt-in to a FLSA collective action, 29 U.S.C. § 216(b), while putative members of a class action may opt out of the class, Fed. R. Civ. P. 23(c)(2)(B). *See Clark*, 68 F.4th at 1009. Due to the differences between the federal and state claims in this case, which may complicate the matter and give rise to a risk of jury confusion, the Court finds that the balance of relevant factors weighs in favor of declining to exercise supplemental jurisdiction over the Michigan minimum wage law claim. Thus, Plaintiff's state claim in Count III of the complaint is DISMISSED WITHOUT PREJUDICE. The Court will retain jurisdiction over Plaintiff's federal claims only.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 1, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 1, 2024, by electronic and/or ordinary mail.

s/A. Chubb
Deputy Clerk