UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARION GREER**

Plaintiff,

v.

**TRINITY HOME HEALTH SERVICES, INC**.

Defendant.

Case No.: 2:24-cv-10504-NGE-EAS

Magistrate Judge: Elizabeth A. Stafford

District Judge: Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND NOTICE OF SETTLEMENT**

Ackermann & Tilajef, P.C.
Craig J. Ackermann
Brian Denlinger
315 S. Beverly Drive, Ste. 504
Beverly Hills, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
Attorneys for Plaintiff

Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Fax No.:    312.372.7880

Attorneys for Defendant
TRINITY HOME HEALTH SERVICES, INC.

1

The above-titled matter came before this Court upon Plaintiff's Unopposed Motion for Approval of Collective Action Settlement and Notice of Settlement (the "Motion"). Based upon the memoranda, exhibits, and all the files and proceedings herein, the Court finds as follows:

1. The Court grants approval of the Parties' Settlement Agreement ("Settlement") on the terms set forth in the Settlement filed with the Motion and attached as **Exhibit 1** to the Declaration of Craig J. Ackermann in support of the Motion.[1]

2. The terms set forth in the Settlement appear to be fair, reasonable, and adequate to the Potential Collective Action Members, and the Court approves the terms of the Settlement, including terms providing for a Gross Settlement Amount of $86,492.00, that will consist of:

    a. Attorneys' fees equaling one-third of the Gross Settlement Amount to Collective Counsel ($28,830.66), plus $500.00 for Collective Counsel's actual out-of-pocket litigation costs;

    b. $7,500 to the named Plaintiff as consideration for her global general release of liability and waiver of claims, and in recognition of her time and efforts on behalf of the Settlement Collective (the "General Release Payment"); and

    c. The $49,661.34 remaining in the Gross Settlement Amount after all applicable deductions will be paid out to Potential Settlement

---

[1] Unless otherwise defined in this Order, capitalized terms have the same meaning as defined in the Settlement.

2

      Collective Members on a pro-rata basis based on the number of workweeks by the Potential Settlement Collective Members during the Collective Period ("Qualifying Workweeks") from February 28, 2021 to February 5, 2025 ("the Gross Member Payments").[2]

3. The Court grants the Parties' request for certification of the following collective for settlement purposes only:

    All current and former, non-exempt Michigan-based Trinity Home Health Services, Inc. employees who were required to first boot up and log into their computers in order to clock-in for the day during the Collective Period (collectively, the "Potential Settlement Collective Members").

4. The Court approves Plaintiff's counsel, Craig Ackermann and Brian W. Denlinger of Ackermann & Tilajef, P.C., Matthew Clark of Gregory, Moore, Brooks & Clark, P.C., and Raphael A. Katri of Law Offices of Raphael A. Katri, APC, as Collective Counsel.

5. This Court approves, as to form and content, the Notice of Collective Action Settlement ("Notice") attached to the Settlement as **Exhibit A**. The Court approves the procedure for Potential Collective Action Members to opt into the

---

[2] Each Potential Settlement Collective Member shall receive a "Minimum Payment" of Fifty Dollars ($50.00) from the Gross Member Payments in addition to any proportionate settlement share they are allocated from the Net Member Payment Balance remaining after the Aggregate Minimum Payments, in accordance with paragraph 24 of the Settlement. The employer-side payroll taxes associated with the W-2 portion of each Gross Member Payment and all actual claims administration costs will be paid by Defendant separate and apart from the Gross Settlement Amount.

Settlement by signing and cashing or depositing their Settlement Checks as set forth in the Settlement and the Notice.

6. The Court confirms Atticus Administration, LLC as the Claims Administrator.

7. The Court directs the mailing of the Notice, as well as the one separate reminder attached to the Settlement as **Exhibit B**, by first class mail and email (to the extent that email addresses are available) to all Potential Settlement Collective Members in accordance with the schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court adopts the following dates and deadlines:

| TIME | EVENT |
|---|---|
| Within 7 Days after the date the Court enters this Order: | The Claims Administrator to execute and deliver to the Parties a Confidentiality Agreement protecting Defendant's confidential data and information relating to the Potential Settlement Collective Members' personally identifiable information. (Settlement, ¶ 23). |
| Within 10 Days after the execution and delivery of the Confidentiality Agreement: | Defendant to provide the Potential Settlement Collective Member List to the Claims Administrator. (Settlement, ¶¶ 22-23). |

4

| Within 21 Days after the Effective Date:[3] | Defendant shall deposit the Gross Settlement Amount, Claims Administration costs, and the Employer Payroll Taxes in the Qualified Settlement Fund ("QSF") established by the Claims Administrator. (Settlement, ¶ 20). |
|---|---|
| Within 28 days after the Effective Date: | The Claims Administrator shall mail Notices and Settlement Checks, as well as the General Release Payment to the Named Plaintiff ("Notice Packets"), to all Potential Settlement Collective Members and distribute the court approved Fee Award to Collective Counsel (Settlement, ¶¶21(b), 26-27). |
| Forty-five days after the initial mailing of the Notice detailing the Opt-In process: | The Claims Administrator shall mail and email (to the extent email addresses are available) the reminder to all Potential Settlement Collective Members who have not yet deposited or cashed their Settlement Checks to inform them of the 90-day deadline (Settlement, ¶¶ 9(a), 26, 34). |
| 90 days after Notice Packet mailing date (the "Acceptance Period"): | Deadline for Potential Settlement Collective Members to Opt-In by signing and cashing or depositing a Settlement Check (Settlement, ¶¶ 9(a), 26, 34). |

---

[3] The "Effective Date" is defined in paragraph 11 of the Settlement.

| | |
|---|---|
| On a bi-weekly basis: | The Claims Administrator shall send a tracking spreadsheet which informs counsel for the Parties of the following information: (1) when Settlement Checks have been mailed; (2) when Settlement Checks have been reissued because a Settlement Check was undeliverable; (3) whether a Settlement Check was undeliverable and had a forwarding address; (4) whether a Settlement Check was forwarded to a Potential Settlement Collective Member's new address; (5) whether a Settlement Check was undeliverable and did not contain a forwarding address; (6) whether a Skip Trace has been performed; (7) whether the Skip Trace provided a new mailing address for a Potential Settlement Collective Member; (8) whether the Settlement Check was mailed to the new Skip Traced address; (9) when Settlement Checks have been deposited or cashed; and (10) when the General Release Payment has been cashed. (Settlement, ¶ 32). |
| No later than 7 days after the Acceptance Period: | The Claims Administrator shall determine the employer's share of payroll taxes on the Settlement Awards paid to Settlement Collective Members and shall communicate such amounts to Defendant's Counsel with a detailed explanation of the calculations. (Settlement, ¶ 30). |

6

| | |
|---|---|
| No later than 21 days after Defendant receives the detailed explanation of the calculations of the employer's share of payroll taxes from the Claims Administrator: | Defendant shall deposit the employer's share of applicable payroll taxes into the QSF.[4] (Settlement, ¶ 30). |
| No later than 30 days after the Acceptance Period: | The Claims Administrator will send to Collective Counsel and Defendant's Counsel an accounting of all unclaimed funds as well as a list of names of all Potential Settlement Collective Members who choose not to cash or deposit their Settlement Checks, and the Claims Administrator shall return to Defendant any remaining funds from the uncashed checks. (Settlement, ¶¶ 25, 33). |
| No later than 30 days after the expiration of the Acceptance Period: | The Claims Administrator shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "Confidential" that Defendant produced or provided to Collective Counsel during the Litigation. (Settlement, ¶ 48). |

**IT IS SO ORDERED.**

Dated:  May 29, 2025

s/Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT

---

[4] The Claims Administrator shall pay the appropriate federal and state taxing authorities for both employee-side payroll deductions from Settlement Collective Member Settlement Checks and shall also provide Defendant with a separate certification, which shall state that the appropriate taxing authorities have been properly paid pursuant to the terms of the Settlement. (Settlement ¶21(d)).